# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS DELGADILLO IBARRA,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 1:21-cv-0763 JLT HBK<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE FOR FURTHER PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br>(Docs. 19, 21, 22)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF JUAN CARLOS DELGADILLO IBARRA AGAINST DEFENDANT KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY |

Juan Carlos Delgadillo Ibarra initiated this action seeking judicial review of a final decision of the Commissioner of Social Security. (Doc. 1.) On January 9, 2023, the assigned magistrate judge found the ALJ erred in evaluating medical opinion evidence and Plaintiff's subjective statements concerning his symptoms. (Doc. 22 at 6-15.) The magistrate judge recommended Plaintiff's motion for summary judgment be granted, the Commissioner's cross-motion for summary judgment be denied, and the administrative decision be reversed and remanded for further administrative proceedings. (*Id.* at 15.)

On January 20, 2023, the Commissioner timely filed objections to the Findings and Recommendations. (Doc. 23.) The Commissioner contends the magistrate judge erroneously

1  "relied on a circuit decision interpreting the prior version of the regulations, which required a
2  higher level of articulation than the revised regulations." (Doc. 23 at 3.)  The Commissioner also
3  argues the ALJ's rationale "met the deferential review for substantial evidence," and any error
4  was harmless. (*Id.* at 6, emphasis omitted; *see also id.* at 7.)  Finally, the Commissioner maintains
5  the ALJ properly evaluated Plaintiff's subjective statements.  (*Id.* at 8-11.)  On January 30, 2023,
6  Plaintiff filed a response to the Commissioner's objections.  (Doc. 24.)

7  **A.      Medical Opinion Evidence**

8  First, the Commissioner argues that in considering whether the ALJ properly evaluated the
9  medical opinion evidence, the magistrate judge improperly relied on *Reddick v. Chater*, 157 F.3d
10 715, 725 (9th Cir. 1998) because it interprets "the prior version of the regulations, which required
11 a higher level of articulation than the revised regulations at issue here." (Doc. 23 at 3-5, citing
12 Doc. 22 at 9.)  In *Reddick*, the court held that to provide "specific and legitimate reasons" under
13 the prior regulatory scheme, "the ALJ must do more than offer his conclusions.  He must set forth
14 his own interpretations and explain why they, rather than the doctors', are correct." *Id.*, 157 F.3d
15 at 725. Recently, the Ninth Circuit clarified in *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir.
16 2022), that the new regulatory framework displaces case law requiring an ALJ to provide
17 "specific and legitimate" or "clear and convincing reasons" for rejecting a medical opinion, and
18 instead instructs that the ALJ must provide an explanation supported by substantial evidence.
19 The Commissioner contends, "*Woods* discontinued the degree of articulation that the
20 Recommendations require" because "the heightened articulation standard in *Reddick* no longer
21 applies." (Doc. 23 at 4.)  Plaintiff responds: "There is no fundamental difference between the
22 Magistrate Judge's citation to *Reddick* and *Woods*.  They both require an explanation which the
23 ALJ failed to provide." (Doc. 24 at 3.)

24 The Findings and Recommendations include a citation to *Reddick* as support for the
25 finding the ALJ's "reliance on a string cite of examinations without further explanation did not
26 rise to the level of substantial evidence supporting the rejection of this portion of Dr. Ehteshami's
27 opinion because it was inconsistent with other medical sources." (Doc. 22 at 9.)  However, the
28 magistrate judge also supported this precise finding by citing directly to *Woods*:

> As noted above, the Ninth Circuit recently clarified that under the new regulations for considering medical evidence, 'an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must articulate . . . how persuasive it finds all of the medical opinions from each doctor or other source, and explain how [it] considered the supportability and consistency factors in reaching these findings.

(Doc. 22 at 9-10, citing *Woods*, 32 F. 4th at 792 [internal citations omitted].) Thus, the Court finds it unnecessary to consider the applicability, or lack thereof, of case law in existence prior to the revised regulations for claims filed on or after March 27, 2017.[1] The assigned magistrate applied the correct standard for considering medical opinions as articulated in *Woods*, and found the ALJ's decision was not supported by substantial evidence.

Moreover, the magistrate properly addressed—and rejected— the Commissioner's argument that "numerous pin cites" to objective medical findings of normal gait and strength cited by the ALJ was substantial evidence to support his rejection of Dr. Ehteshami's findings regarding Plaintiff's ability to stand and walk. (*See* Doc. 23 at 4-5; Doc. 21 at 12.) The Court also notes the Commissioner offers no objection to the magistrate judge's finding under the supportability factor of the new regulations, namely that "to the extent the ALJ found Dr. Ehteshami's opinion less persuasive based on his alleged over-reliance on Plaintiff's properly discounted symptom claims, this finding is not supported by substantial evidence." (*See* Doc. 22 at 8-9 (citing objective findings by Dr. Ehteshami including mild heel-to-toe ataxia, absent pin prick sensation in right lower limb and both feet, reduced to absent vibration sense in this right limbs, absent knee and ankle reflexes bilaterally, pain reduced range of motion, and pain in testing Plaintiff's hips and knees).)

Second, the Commissioner argues the magistrate judge exceeded the deferential standard of review by considering whether the ALJ properly found the relevant portion of Dr. Ehteshami's

---

[1] Even after the clarification offered by the Ninth Circuit in *Woods*, courts in this district have observed that the Ninth Circuit "did not address whether the new regulations upend the entire body of caselaw relating to medical evidence." *Timothy P. v. Comm'r Soc. Sec. Admin.*, 2022 WL 2116099, at *9 (D. Or. June 13, 2022); *see also Bandong v. Comm'r of Soc. Sec.*, 2022 WL 17670006, at *5 (E.D. Cal. Dec. 14, 2022); *Shannon B. v. Comm'r, Soc. Sec. Admin.*, 2023 WL 371650, at *4-5 (D. Or. Jan. 24, 2023) ("It remains true that an ALJ may not dismiss a medical opinion without providing a thorough detailed explanation for doing so.").

opinion was inconsistent with objective examination findings in the overall record, "particularly" because the argument was not raised by Plaintiff in his opening brief. (Doc. 23 at 6.) It is well-settled in the Ninth Circuit that "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Woods*, 32 F. 4th at 788 (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). However, the Court declines to give deference to a flawed opinion, or override the requirements under the new regulations related to the consistency and supportability factors necessary to find a medical opinion less persuasive. *Id.* at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

Third, the Commissioner argues any error arising from the "other rationale the ALJ gave related to Dr. Ehteshami's limited review of the records, his one-time examination, and the doctor's apparent reliance on Plaintiff's reported symptoms" is harmless. (Doc. 23 at 7.) However, the Court finds the magistrate judge correctly concluded rejection of the portion of Dr. Ehteshami's opinion regarding Plaintiff's ability to stand and walk was not supported by substantial evidence. Because such an error affects the RFC determination—which in turn affects the disability finding— the error was not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error is harmless "where it is inconsequential to the ultimate nondisability determination").

**B.     Plaintiff's Symptom Claims**

The Commissioner argues the ALJ properly rejected the full extent of Plaintiff's testimony alleging disabling symptoms. (Doc. 23 at 8.) As to Plaintiff's daily activities, the Commissioner argues the ALJ properly identified relevant testimony, and then explained why activities were inconsistent with that testimony. (*Id.* at 8-10.) In support of this argument, the Commissioner cites evidence considered by the magistrate judge, who determined "the ALJ's finding that Plaintiff's daily activities were inconsistent with his claimed limitations was not a clear and convincing reason, supported by substantial evidence, to discount his symptom claims." (Doc. 22 at 13-14.) As the magistrate judge observed, the ALJ "did not identify the specific

4

1 testimony that she found not to be credible, nor did she offer explanations for why the cited
2 evidence of Plaintiff's ability to perform basic activities of daily living undermines Plaintiff's
3 symptom claims, particularly as to his ability to stand and walk." (*Id.* at 13.) Due to these
4 identified failures of the ALJ, the Court adopts the findings of the magistrate judge.

5     The Commissioner also argues "the ALJ rationally concluded that Plaintiff's testimony
6 asserting an extremely limited ability to stand and walk was contradicted in the medical records."
7 (Doc. 23 at 11.) In support of this argument, the Commissioner acknowledges long-standing
8 Ninth Circuit law that an ALJ may not reject symptom claims "solely" because they are
9 "uncorroborated" by objective evidence; but attempts to distinguish the ALJ's reasoning here
10 because ALJ found Plaintiff's testimony was "contradicted" by medical records, which the
11 Commissioner asserts is a sufficient reason "even standing alone" to reject Plaintiff's subjective
12 testimony. (*Id.* at 10-11.) However, in the administrative decision, the ALJ broadly stated that
13 "the objective medical record as a whole does not *support* the alleged severity of claimant's
14 impairments." (Doc. 15-3 at 29.) It is well-settled in the Ninth Circuit that an ALJ may not
15 discredit a claimant's subjective complaints and deny benefits solely because the degree of pain is
16 not supported by objective medical evidence. *See Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th
17 Cir. 1991). Thus, the Commissioner's objections are overruled, and Court adopts the findings of
18 the magistrate judge that the ALJ failed to identify clear and convincing reasons, supported by
19 substantial evidence in the record, for rejecting Plaintiff's statements concerning his symptoms.

20 **C.     Conclusion and Order**

21     Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case.
22 Having carefully reviewed the entire matter—including the Commissioner's objections as
23 discussed above— the Court concludes that the Findings and Recommendations are supported by
24 the record and proper analysis. Based upon the foregoing, the Court **ORDERS**:

25     1.     The Findings and Recommendations issued on January 9, 2023 (Doc. 22), are
26         **ADOPTED** in full.
27     2.     Plaintiff's Motion for Summary Judgment (Doc. 19) is **GRANTED**.
28     3.     Defendant's Cross-Motion for Summary Judgment (Doc. 21) is **DENIED.**

4. Pursuant to sentence four of 42 U.S.C. § 405(g), the Court **REVERSES** the Commissioner's decision and **REMANDS** this case back to the Commissioner of Social Security for further administrative proceedings.

5. The Clerk shall enter judgment in favor of Plaintiff Juan Carlos Delgadillo Ibarra and close this case.

IT IS SO ORDERED.

Dated:   **March 23, 2023**

UNITED STATES DISTRICT JUDGE